AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

FILED
NOV 14 2018
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| United States of America<br>v.<br>Trammel L. LEWIS, JR.<br><br>*Defendant(s)* | Case No. 3:18mj184 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 24, 2018__ in the county of __Richmond__ in the __Eastern__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 1512(c) and (k) | Conspiracy to Obstruct Justice |
| 18 USC 1512(c) | Obstruction of Justice |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Thomas W. Byrd, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __11/14/2018__

/S/
David J. Novak
United States Magistrate Judge
*Judge's signature*

City and state: __Richmond, Virginia__    Hon. David J. Novak, US Magistrate Judge
*Printed name and title*

## AFFIDAVIT

The affiant, Thomas W. Byrd, having been duly sworn, deposes and states that the information contained herein is true and accurate to the best of the affiant's knowledge.

1. I, Thomas Wayne Byrd, have been employed as a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) since July 2015, and I am currently assigned to the Richmond III Field Office. As a SA with ATF, I am primarily responsible for conducting criminal investigations that concern the enforcement of our nation's federal firearms laws. I have previous law enforcement experience as Special Deputy with the Monroe County Sheriff's Office in Bloomington, Indiana, in 2005; a Tactical Response Force Officer with Murray Guard; a contractor for the Department of Energy (DOE) in 2008; and, civilian police officer in Quantico, Virginia, with the United States Marine Corps in 2009.

2. The information in this affidavit is the result of a joint investigation involving the ATF and the Richmond Police Department (RPD). All information contained in this affidavit is either based upon this affiant's personal knowledge and/or the investigation and observations of other officers and agents involved in this investigation.

3. I present this information in support of a criminal complaint charging Trammell L. LEWIS. JR with Conspiracy to Obstruct Justice, in violation of Title 18, United States Code, Section 1512(c) and (k), and Obstruction of Justice, in violation of Title 18, United States Code, Section 1512(c).

4. Since this affidavit is being submitted for the limited purpose of obtaining an arrest warrant for Trammell L. LEWIS, JR (LEWIS, JR), it is not intended to include each and every fact and matter observed or known to the government. I have set forth only those facts necessary to support probable cause for this application.

5. On April 28, 2018, RPD Intervention and Prevention Unit (IPU) Detective (DET) Odic and RPD Officer (OFC) Knudsen were on patrol in the vicinity of Hull Street and East Broad Rock Boulevard Richmond, Virginia (VA). DET Odic and OFC Knudsen observed a 2006 Lexus, VA registration VXE-7044, operating with what RPD perceived to be illegal tint on the windows. The vehicle was stopped and the operator was identified as Keith GASQUE (K. GASQUE). During the traffic stop, K. GASQUE was questioned if there were any weapons inside the vehicle. RPD reports K. GASQUE's response to this question was suspicious; so, RPD obtained K. GASQUE's VA operator's license and conducted a police query of prior contacts with law enforcement utilizing an RPD police database. Through this inquiry, RPD discovered K. GASQUE had been previously involved with multiple illegal firearm related incidents and had a suspended driver's license.

6. RPD removed K. GASQUE from the vehicle to execute a protective sweep, during the protective sweep DET Odic discovered a firearm magazine in the center console (the "9mm Magazine"). Pursuant to this discovery, RPD approached K. GASQUE at the rear of his vehicle to put him into handcuffs for officer safety. While attempting to put K. GASQUE in handcuffs, K. GASQUE forcefully escaped both OFC Knudsen and DET Odic and fled on foot. Following a foot and vehicle pursuit, officers take K. GASQUE into custody.

7. With K. GASQUE in custody, RPD returned to his vehicle to conduct a search of its contents. DET Odic discovered a backpack in the rear floorboards on the passenger's side of the car. The backpack contained male clothing, a photograph of K. GASQUE, and two loaded firearms. DET Odic attempted to insert the 9mm Magazine into the recovered firearms, but it would not fit. K. GASQUE was a previously convicted felon prior to this arrest and was arrested on state related offenses that include being a convicted felon in possession of a firearm.

8. RPD traced the two firearms recovered from K. GASQUE's vehicle which identified both the original purchasers of the handguns. One of the firearms, a S&W model SW40VE .40 caliber pistol SN# FYP0551, was purchased by LEWIS, JR on March 12, 2018.

9. During the investigation, SA Byrd requested jail calls from the Richmond City Jail concerning K. GASQUE. Upon reviewing these jail calls, SA Byrd uncovered multiple conversations that included specific details of K. GASQUE's arrest and, particularly, conversations involving K. GASQUE, Regina Gasque (K. GASQUE's mother), and LEWIS, JR wherein the parties discuss having LEWIS falsely report to law enforcement that the firearms recovered in K. GASQUE's vehicle were not possessed by K. GASQUE.

10. K. GASQUE discussed multiple times with the aforementioned parties about needing LEWIS, JR to falsely claim responsibility for the firearms because LEWIS, JR is not a convicted felon. Additional calls included instructions from K. GASQUE to Regina Gasque to communicate to LEWIS, JR specific information for LEWIS, JR to falsely report to authorities that one of the weapons recovered in K. GASQUE's car was his and placed in K. GASQUE's car on the date of his arrest without K. GASQUE's knowledge. For example, details of these conversations include, but are not limited to: K. GASQUE stating he can beat his charges and that the firearms recovered from his vehicle are "clean;" that there would be no serious legal ramifications for non-felons to claim responsibility for them; that LEWIS, JR has had multiple firearms recovered by law enforcement previously, resulting in no serious consequences; and, that LEWIS, JR needed to claim both, or at least one, of the firearms and the 9mm Magazine. K. GASQUE had multiple direct conversations with LEWIS JR that included instructions for LEWIS, JR to state that LEWIS, JR forgot both weapons in K. GASQUE's car and for LEWIS, JR to report everything to law enforcement that K. GASQUE wanted LEWIS, JR to say, word for word.

11. K. GASQUE and Regina Gasque also discussed in jail calls having another person claim responsibility for both firearms; or, in that alternative, having LEWIS, JR claim responsibility for the S&W firearm and another person claim responsibility for the other firearm found in K. GASQUE's vehicle.

12. On July 23, 2018, SA Byrd interviewed and served a Grand Jury (GJ) Subpoena on LEWIS, JR. During the interview, LEWIS, JR explained that he was expecting to be interviewed by law enforcement about the S&W firearm and that he "didn't do anything," and "was nowhere near anything."

13. The following day, LEWIS, JR appeared for his GJ court appearance accompanied by another male subject, later identified as K. GASQUE's brother, Brandon Gasque. LEWIS, JR stated to SA Byrd that on the date of K. GASQUE's arrest, K. GASQUE was giving LEWIS, JR a ride back to his vehicle. LEWIS, JR stated the S&W firearm was in a holster on his hip when he got into K. GASQUE's vehicle. LEWIS, JR reported that he was aware K. GASQUE was a convicted felon and stated that, because of this knowledge, he removed the weapon from his holster and placed the firearm on the back seat of K. GASQUE's car. LEWIS, JR then stated that when K. GASQUE dropped him off, LEWIS, JR simply forgot the weapon in K. GASQUE's car.

14. During a subsequent phone call between K. GASQUE and LEWIS, JR, K. GASQUE questioned LEWIS, JR about whether LEWIS, JR said "what he was supposed to say" and told law enforcement what "[K. GASQUE] told [him] to say;" and, whether LEWIS, JR was sure to tell law enforcement that he put the S&W firearm in K. GASQUE's backpack, or otherwise made clear to law enforcement that the firearm was not in "plain sight."

15. Based on the above information, your affiant believes that probable cause exists to arrest Trammell L. LEWIS, JR for Conspiracy to Obstruct Justice, in violation of 18 U.S.C. §§ 1512(c) and (k), and Obstruction of Justice, in violation of 18 U.S.C. § 1512(c). All aspects of this event occurred in the Eastern District of Virginia.

Respectfully submitted this 14th day of November, 2018.

Thomas W. Byrd
Special Agent
Bureau of Alcohol, Tobacco and Firearms

Subscribed and sworn to before me
November 14, 2018
Richmond, Virginia

/S/
David J. Novak
United States Magistrate Judge

5